**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SABRINA M. VALDEZ,

       Plaintiff-Appellant,

v.

UNITED FOOD & COMMERCIAL
WORKERS UNION LOCAL 7; UFCW
INTERNATIONAL UNION AFL-CIO,

       Defendants-Appellees.

No.  04-1160
(D.C. No. CIV-02-2284 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before  **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sabrina M. Valdez appeals from an order granting summary judgment in favor of defendants United Food & Commercial Workers Local No. 7 and UFCW International Union AFL-CIO (hereinafter collectively called "the Union") on her claims for breach of the duty of fair representation and for discrimination prohibited by 42 U.S.C. § 2000e-2(c)(1) of Title VII.  Our jurisdiction arises under 28 U.S.C. § 1291, and we AFFIRM.

## I.  Procedural and factual background

The Union filed a grievance for harassment on behalf of Ms. Valdez and against her employer in August 2001.  Ms. Valdez claimed that her bakery manager, a female, made the environment hostile, "worked against" her, belittled her in front of customers, and "rudely" called her over the store intercom.  R., Doc. 37, Ex. 37 at 1.  Ms. Valdez requested a remedy of "cease and desist, transfer bakery manager if needed."      *Id.* Ex. 10 at 3.  The Union informed Ms. Valdez in writing on January 24, 2002, that it had decided not to pursue the grievance because no discipline had issued from the bakery manager.      *Id.* Ex. 17.  The Union asked Ms. Valdez to confirm in writing her oral statement that she "chose to withdraw the [harassment] charge."      *Id.* Ex. 19.  Instead, Ms. Valdez later informed the Union that she wanted to appeal the decision.

In the interim, Ms. Valdez had been terminated on September 25, 2001, for violating the employer's absenteeism and tardiness policies, and the Union had

-2-

filed a second grievance for the termination. After the Union negotiated on her behalf, in October 2001 Ms. Valdez rejected two offers for reinstatement at different stores owned by her employer. She said she needed "more time to think about" the offers, and did not return to work. Aplt. Reply Br. at 7-8. Although the Union had determined that the employer's claims supporting termination were "correct and chances were given," R., Doc. 37 Ex. 26 at 3, in further settlement negotiations held in late January 2002, the Union informed Ms. Valdez that it had convinced the employer to reinstate her to her former position beginning February 3, 2002, *see id.* Ex. 21. Ms. Valdez initially agreed to the settlement, *see* Aplt. Reply Br. at 8-9, but later refused to sign the agreement or to return to work, stating that she thought the offer was "unfair" because it did not "pay in full all back pay and make whole for all losses." R., Doc. 37 Ex. 25. The Union notified Ms. Valdez that it would not further pursue her termination grievance, and the executive board upheld that decision on February 15, 2002.

Despite the fact that she was no longer an employee, Ms. Valdez informed the Union that she still wanted to pursue the appeal of her harassment grievance. The executive board denied her appeal, informing her in writing on April 11, 2002, that the harassment grievance was mooted by her termination. *Id.* Ex. 38 at 1, 3. On December 6, 2002, Ms. Valdez filed suit against the Union for breach of the duty of fair representation and for violating Title VII. R., Doc. 3.

## II. Standard of review

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

Although the movant must show the absence of a genuine issue of material fact, he or she need not negate the nonmovant's claim. Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is genuine; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant. If there is no genuine issue of material fact in dispute, we determine whether the district court correctly applied the substantive law.

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (brackets and further citations and quotations omitted).

"Summary judgment necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1517 n.8 (10th Cir. 1994) (quotation omitted). "[F]ailure of proof of an essential element renders all other facts immaterial." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1212 (10th Cir. 2000).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotations omitted).

We "review de novo a district court's ruling regarding the applicability of a statute of limitations." *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002) (quotation omitted).

### III. Analysis

**A. Statute of limitations.** After significant discovery, the magistrate judge recommended that summary judgment be granted in favor of the Union on the breach-of-duty-to-represent claim because it was time-barred. R., Doc. 43 at 4; *see Cantrell v. Int'l Bhd. Elec. Workers Local 2021*, 32 F.3d 465, 467 (10th Cir. 1994) (noting the six-month limitations period for breach-of-duty-to-represent suits). The district court adopted that recommendation. *Id.* Doc. 48. On appeal, Ms. Valdez claims that the district court erred because it did not properly toll the limitations period, citing *Frandsen v. Brotherhood of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees*, 782 F.2d 674, 681 (7th Cir. 1986). Aplt. Br. at 4. But *Frandsen* does not apply. *Frandsen* holds

that the six-month statute of limitations is tolled "by the pursuit of *internal* union remedies." *Id.* (emphasis added). The district court's limitations calculation was properly based on a starting date of April 11, 2002, the date all internal union remedies had been finally denied. Ms. Valdez's suit, which was not filed until December 6, 2002, was untimely.

**B. Title VII.** The district court granted summary judgment on Ms. Valdez's Title VII claim because she presented no evidence that the Union's reasons for handling her grievances the way it did were pretextual, and no evidence of any conduct from which the court could infer that the Union's actions were based on her race, gender, or national origin. R. Doc. 43 at 6-7. Ms. Valdez's appeal presents no cogent argument or evidence sufficient to disturb the district court's ruling. *See McKnight*, 149 F.3d at 1128 (to survive summary judgment, "nonmoving party must designate specific facts to make a showing sufficient to establish the existence of an element essential to that party's case").

The judgment of the district court is AFFIRMED. Appellant's motion to proceed in forma pauperis is granted.

Entered for the Court


Mary Beck Briscoe
Circuit Judge